BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00145-WBS-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $84,421.63 IN LIEU OF REAL PROPERTY LOCATED AT 110 BURWOOD WAY, FOLSOM, CA, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. An Indictment was filed on August 2, 1996 in *United States v. John That Luong, et al.*, 2:96-CR-00350-WBS, charging John That Luong, Ping Sherry Chan, Lisa Le Chan, Paul Minh Chan, and others with violations of 18 U.S.C. § 1956(h) - conspiracy to launder monetary instruments; 18 U.S.C. § 1956(a)(1)(B)(i) and (ii) - laundering of monetary instruments; and 18 U.S.C. § 1957(a) - engaging in monetary transactions in property derived from specified unlawful activity.  On July 10, 1998, a Superseding Indictment was filed charging John That Luong, Ping Sherry Chan, Lisa Le Chan, Paul Minh Chan, and others with violations of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(i) and (ii), and 18 U.S.C. § 1957(a).  The Superseding Indictment included a forfeiture count regarding the real property located at 110 Burwood Way, Folsom, California.

2. Defendants Ping Sherry Chan, Lisa Le Chan, and Paul Minh Chan were the recorded

owners of the real property at the time the Indictment was returned on or about August 2, 1996. The government recorded a lis pendens against the real property on September 24, 1996. On or about September 26, 1996, the defendants sold the above-listed real property to Bruce and Carol Azzarito. In December of 1997, the Azzaritos sold the real property to new buyers and escrow was due to close until Stewart Title Guaranty Company was informed that the lis pendens recorded by the government was holding up the close of escrow.

3.  On or about December 10, 1997, the government and Stewart Title Guaranty Company reached an agreement whereby Stewart Title Guaranty Company would deposit a bond in the amount of $84,421.63 in lieu of the above-listed real property and the government would release it lis pendens. On or about December 12, 1997, Surety Bond number 5916395 in the amount of $84,421.63 was deposited with the government. On or about August 8, 2006, the Internal Revenue Service – Criminal Investigation received a check in the amount of $84,421.63 from Stewart Title Guaranty Company ("defendant funds") in lieu of the Surety Bond.

4.  The United States represents that it could show at a forfeiture trial that John That Luong, Ping Sherry Chan, Lisa Le Chan, and Paul Minh Chan conspired with others to launder monetary instruments from approximately June 1994 to August 1996 using the proceeds of specified unlawful activity, specifically, proceeds from microchip robberies and illegal drug sales. In addition, John That Luong, Ping Sherry Chan, Lisa Le Chan, and Paul Minh Chan conducted financial transactions affecting interstate commerce with proceeds obtained from these two sources, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds. The purchase of 110 Burwood Way in Folsom, California and the purchase of the swimming pool built at 110 Burwood Way is described in more detail in Counts One through Fourteen of the Superseding Indictment filed on July 10, 1998. The real property located at 110 Burwood Way in Folsom, California was involved in or was traceable to violations of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and (ii), and 1957(a).

5.  The United States could further show at a forfeiture trial that the real property located at 110 Burwood Way in Folsom, California and/or the defendant funds in lieu of are subject to forfeiture to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and (a)(1)(C).

6. Without admitting the truth of the factual assertions contained above, Stewart Title Guaranty Company ("claimant") specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Claimant acknowledged that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized and the real property is located.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of this Consent Judgment of Forfeiture, $42,210.00 of the Approximately $84,421.63 in lieu of real property located at 110 Burwood Way, Folsom, CA, together with 50% of the interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 18 U.S.C §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $42,211.63 of the Approximately $84,421.63 in lieu of real property located at 110 Burwood Way, Folsom, CA, together with 50% of the interest that may have accrued on the entire amount seized, shall be returned to Stewart Title Guaranty Company.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in

any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:  December 2, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE